UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL PERRY, #135959, )
                Plaintiff, )
) No. 2:18-cv-148
-v- )
) Honorable Paul L. Maloney
ANTHONY ABRAMSON, et al., )
                Defendants. )
                                        )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Daniel Perry pursuant to 42 U.S.C. § 1983. On December 18, 2019, United States Magistrate Judge Maarten Vermaat issued a Report & Recommendation ("R&R") recommending that the Court grant Defendant Bigger's motion for summary judgment (ECF No. 36). This matter is now before the Court on Perry's objection to the R&R (ECF No. 37). For the reasons to be discussed, the Court will overrule the objection and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Perry raises three objections to the R&R. First, he argues that the magistrate judge improperly overruled this Court's earlier decision that Perry "established a retaliation claim against both Defendants Abramson and Bigger." The record does not reflect such a holding. Perry may be referring to this Court's November 30, 2018, opinion, which held that Perry's complaint sufficiently pleaded a retaliation claim for purposes of the Prison Litigation Reform Act's preliminary review (ECF No. 5 at PageID.55). However, that holding does not have the impact Perry appears to believe it does. It merely determined that the claims at issue were not frivolous and allowed them to move forward. The R&R did not modify or overrule this holding, so this objection is overruled.

Perry's second objection argues that the magistrate judge improperly relied on MCL 791.255(1) to determine that Perry should have pursued his retaliation complaint through

the rehearing process rather than the grievance process. However, he does not explain why MCL 791.255(1) does not apply to him. It is well established that the proper avenue of recourse for Perry's claim was the rehearing process, not the grievance process. *See, e.g., Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). To pursue his claim, Perry should have "file[d] a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *See* MCL 791.255(1). The R&R applied the correct law, and this objection is overruled.

Perry's final objection is closely related: he argues that he exhausted his administrative remedies by pursuing his grievances through Step III appeals. However, as noted, grievances would not properly exhaust administrative remedies; Perry was required to follow the rehearing process and file appeals based on retaliation. He did not, so he did not exhaust his administrative appeals. This objection is overruled. Given that there are no errors in the R&R,

**IT IS ORDERED** that the December 18, 2019 R&R (ECF No. 36) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 37) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment (ECF No. 21) is **GRANTED**.

**IT IS SO ORDERED.**

Date: March 6, 2020　　　　　　　　　　　　　　　　/s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge